ODOM, J.
 

 Plaintiff instituted suit against her husband, O. D. Jackson, for divorce on the ground that she and her husband had been living separate and apart for a period of four years (Act No. 31 of 1932, p. 217). Her suit was allotted to division A of the civil district court.
 

 She alleged that no children were born of the marriage, but that she and her husband had legally adopted a child, Martha, now in her custody; that she desires to retain custody of the child; that she has not sufficient means, to maintain herself and the child during the pendency of the suit, and she couples with her demand for divorce one for alimony pendente lite and an allowance for her support to be fixed in the final judgment.
 

 She filed her suit on July 2S, 1932. Citation was issued on the same day, and on the following day, the citation together with a copy of the petition was served on the defendant.
 

 On October 4, she obtained a rule on the defendant to show cause why he should not be ordered to pay alimony for the maintenance of herself and minor daughter during the pendency of the suit.
 

 Three days later, defendant filed a plea of lis pendens, alleging:
 

 “That there was pending at the time of filing of the above entitled and numbered suit and therefore at
 
 the time of the
 
 filing of the rule for alimony in the said suit, a case involving the same parties, the same subject matter and before the same court. That exceptor has filed the same plea of lis pendens to the petition in this suit and now reiterates it, directing it at the motion for alimony.”
 

 The other suit referred to by defendant is one which he had filed against his wife for divorce on the same ground set up by her, 'viz., four years’ separation, his suit having been filed on July 27, the day before Mrs. Jackson filed hers, and allotted to division B of the civil district .court, Honorable M. M. Boatner, Judge. But no service of citation and petition were made on Mrs. Jackson.
 

 
 *413
 
 The judge presiding over division A of the court in which Mrs. Jackson’s suit was pending, did not pass on the plea of lis pendens filed by defendant, but ordered Mrs. Jackson’s suit transferred to division B of the court, “there to be consolidated with suit 198,351, entitled O. D. Jackson vs. Annie Ruth Lifsey, wife of O. D. Jackson.”
 

 Mrs. Jackson excepted to the ruling of the court and applied to this court.'for writs of mandamus and prohibition directed to Hon. Hugh C. Cage, judge of division A of said court, praying that said judge be ordered to recall his order transferring her suit to division B of the court, there to be consolidated with the suit of O. D. Jackson against her, and that he be ordered to proceed with the trial of her suit against her husband then pending in his division of the court. We issued the writs in due course coupled with a rule to show cause and a stay order. The record is now before us in response to our order together with the answer of the judge.
 

 In response to the rule, the district judge sets out that the suit of O. E>. Jackson against his wife was filed on July 27 and was regularly allotted to division B of the civil district court presided over by Hon. M. M. Boatner, judge; that this was on the day before Mrs. Jackson’s suit was filed and allotted to his division and that he exercised “the power given to him under sections nine and ten of rule eight of the rules of the Civil District Court, which in the opinion of your respondent are lawful under the provisions of Act 103 of 1921,” Ex. Sess.
 

 He further sets out that the civil district court for the parish of Orleans is one court “the powers of the court being exercised by five judges and that the provisions of Act No. 103 of 1921, Ex. Sess., and the rules' heretofore referred to, are such as to prevent unseemly conflict of jurisdiction between the judges of- the said court.”
 

 He then' suggests that “in a situation such as this, where both the husband and the wife are _ claiming absolute divorce oij the same cause of action, it is proper and correct that one judge of the Civil District Court should adjudicate on the whole subject matter and that one judge alone should pass upon the question, as between the two litigants, which one is entitled to the decree.”
 

 The only part of Act No. 103 of 1921, Ex. Sess., p. 210, referred to by the respondent judge which is pertinent to the issue here involved, is section 1, which provides that:
 

 “All cases after being filed in the Civil District Court for the Parish of Orleans shall be allotted or assigned among the judges thereof, in accordance with the rules to be adopted by said Court.”
 

 Following the passage of this act, the civil district court adopted rules for the allotment of cases, and in sections 9 and 10 of rule 8 made provisions for the transfer of suits from one division thereof to another under certain circumstances and conditions specifically set out. But these rules manifestly have no application to suits like the ones involved here.
 

 Section 9 of rule 8 provides that “suits or proceedings,
 
 not in their nature original hut growing out of suits or proceedings previously pending,
 
 such as actions of nullity of judgment, or to restrain or to regulate the execution of process, mesne, or final,
 
 in suits previously pending,
 
 shall not be. docketed as
 
 *415
 
 separate suits, but shall be treated as parts of such suits, and follow the allotment or assignment to the respective divisions of the court which shall have been made of the original suits.”
 

 This section or rule 8 further provides that:
 

 “Whenever, by error or oversight this rule shall be violated, the judge to whom the matter shall have been allotted, shall have power to order same transferred to the proper division, there to be consolidated
 
 with the ■original cause.’’
 
 (All italics are the writer’s.)
 

 This rule is' plain, unambiguous; and speaks for itself. It has ’ to do with suits
 
 “not in their nature original but growing out of
 
 suits ■or proceedings préviously pending.” The rule furnishes an-illustration of the kind of suits referred to, such as actions of nullity of judgments or to restrain or regulate the execution of process “in suits previously pending.” Such suits shall not be docketed as separate suits, but when so docketed by ■error, they may be transferred to the proper division and consolidated “with the original cause.”
 

 Section 10 of the same rule provides that:
 

 “Whenever, by reason of the institution •or pendency of two or more suits by creditors claiming
 
 as against a common debtor,
 
 •conflicts may arise as between such creditors, whether as to the validity of their claims, to the legality of the seizure levied, or as to the order in which they shall be paid,
 
 and there is a common fund which is the subject of such controversy,
 
 and in all cases which may give rise to a conflict of jurisdiction between the divisions, all such suits shall be assigned to the division
 
 'first acquiring jurisdiction quoad such fund."
 
 (Italics ours.)
 

 It is perfectly clear that this has reference only to suits by separate creditors against a common debtor and “there is a common fund which is the subject of such controversy” and one of the divisions has acquired jurisdiction “quoad such fund.”
 

 The same section of this rule further provides that in case an allotment of such suits has been made erroneously, “the judge to whom it has been allotted shall order the cause to be transferred to the division
 
 first seised of jurisdiction,
 
 there to be consolidated with the
 
 original suit."
 

 Stress is laid on the clause in this rule reading “and in all cases which may give rise to a conflict of jurisdiction between the divisions”; the contention being that under this clause, the judge may transfer any case
 
 from
 
 his division
 
 to another
 
 division of the court to avoid a conflict of jurisdiction. But this clause must be read and construed in connection with the rule in its entirety, and when so read and construed it is clear that it has reference to suits “quoad such fund”; that' is, a fund over which one of the divisions has already gained jurisdiction.
 

 This section of rule 8, like section 9 thereof, is clear. But with all deference to the opinion of 'our learned brother of the district bench, we must hold that these rules have no application to the case at bar and do not warrant the ruling which he made. Therefore if we are to sustain his ruling we ihust look elsewhere for authority.
 

 Counsel for respondent, O. D. Jackson, in his brief (page 14) says:
 

 
 *417
 
 “We have no intention or desire to argue the exception of lis pendens filed by us in suit two (that of Mrs. Jackson against her husband in Division ‘A’) for the reason that said exception is in no way before this court in the present suit.”
 

 As counsel has abandoned that plea and as no mention of it was made by the respondent judge in his answer, we shall- not discuss it.
 

 As we have already rioted, the district judge not only ordered Mrs. Jackson's suit transferred from his division to division B, but he ordered it consolidated with O. D. Jackson’s suit against her. In support of his contention that this action by the judge was warranted, counsel for O. D. Jackson relies, first, on the rules of the court to which we have referred, and which we have held do not apply, and, second, upon article 422 of the Code of Practice, which he says “authorizes the consolidation of cross petitions, such as the two suits with which we are dealing.”
 

 Article 422 of the Code reads as follows:
 

 “When the parties have instituted against each other several suits, either as principal or incidental demands, before the same tribunal, the court may, at the request of one of the parties, order that the same be consolidated,
 
 if from their nature they may he compensated,
 
 in order that they may be all decided by one single judgment.” (Italics ours.)
 

 It will be noted that under this article, suits by parties against each other may be consolidated only in cases where the respective demands may be “compensated.” The word “compensated,” as used in this article of the Code, means extinguished or satisfied by compensation. According to Webster, the word “eompensrition,” as used in the Civil Law, means “the extinction of the mutual debts of two persons, reciprocally debtors and creditors in the same manner as in set-off.” Demands made by litigants against each other are “compensated” when that which is claimed by one constitutes or is regarded as an equivalent, a recompense, remuneration, or reward for that which is claimed by the other. Compensation means a balancing of accounts.
 

 In the case at bár, a wife is demanding that the bonds of matrimony existing between her and her husband be dissolved on the ground that they have been living separate and apart for four years. Her husband is making the same demand against her on the same ground. But those demands do not offset or counterbalance each other, for if they do, then neither can obtain a divorce. But the statute provides that “either party to the marriage contract may sue, * * * for an absolute divorce” on the ground therein stated; that is, where the parties have lived separate and apart for a period of four years.
 

 These are not such demands as may, in their nature, be compensated and for that reason cannot be consolidated.
 

 For the reasons assigned, the preliminary writs heretofore issued herein are now made peremptory, and accordingly it is ordered that the Honorable Hugh C. Cage, judge of the civil district court for the parish of Orleans, division A, recall and rescind the order issued by him on October 7, 1932, transferring the suit of Mrs. Annie Ruth Lifseyi Wife
 
 *419
 
 of O. D. Jackson, v. O. D. Jackson, No. 198,-368, to division B of said court, there to be consolidated with the suit of O. D. Jackson v. Annie Ruth Lifsey, Wife of O. D. Jackson, No. 198,351; and further ordered that said judge permit Mrs. Jackson to proceed with the prosecution of her suit in his division of the court as the law provides. Costs incurred in the proceeding in this court are to be paid by O. D. Jackson.